

1  Michael Louis Kelly - State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh - State Bar No. 180361
   bvp@kirtlandpackard.com
3  Heather M. Peterson - State Bar No. 261303
   hmp@kirtlandpackard.com
4  KIRTLAND & PACKARD LLP
   2361 Rosecrans Avenue
5  Fourth Floor
   El Segundo, California  90245
6  Telephone: (310) 536-1000
   Facsimile: (310) 536-1001

7

   *Counsel for Plaintiff and all others similarly situated*
8

9            **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA**

11

12  CYNTHIA McCRARY, on behalf of herself      )  Case No.
    and all others similarly situated,          )
13                                               )  **CLASS ACTION**
                   Plaintiff,                    )  **COMPLAINT FOR:**
14                                               )
             v.                                  )  **1. California False Advertising Act,**
15                                               )  **California** *Business & Professions Code* **§**
    MYLIFE.COM, INC., a Delaware Corporation,   )  **17500** *et seq.*
16  and DOES 1-10, inclusive,                    )
                                                 )  **2. California Unfair Competition Law,**
17                 Defendants.                   )  **California** *Business & Professions Code* **§**
                                                 )  **17200** *et seq.*
18                                               )
                                                 )  **3. California Consumer Legal Remedies Act,**
19                                               )  **California** *Civil Code* **§ 1770** *et seq.*
                                                 )
20                                               )
                                                 )  **DEMAND FOR JURY TRIAL**
21                                               )
                                                 )
22  _____ )

23

24

25

26

27

28

02260-00001  147262.01

CLASS ACTION COMPLAINT

Plaintiff, Cynthia McCrary brings this action on behalf of herself and all others similarly situated against Defendant MyLife.com, Inc. ("MyLife"). Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to herself, which is based on personal knowledge.

## PARTIES

1. Plaintiff Cynthia McCrary is a resident of San Bernardino County, California. In early 2011, she saw an ad stating that someone could be looking for her on MyLife.com and she could find out whom by signing up for MyLife's services. She therefore signed up for MyLife's services and paid $13 for one month. In reality, no one was looking for Ms. McCrary. Plaintiff reasonably relied on MyLife's advertisements and was harmed in signing up for MyLife.com's services based on the false advertising that someone was looking for her, when in fact that was not the case.

2. Defendant MyLife operates the website www.mylife.com and is a Delaware corporation, registered with the California Secretary of State to conduct business in California. MyLife's principal place of business is in Los Angeles, California. Plaintiff is informed and believes that Defendant has a forum selection clause on its website naming the Northern District of California as the proper venue for any litigation that may arise.

3. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4. At all times herein mentioned, Defendants and each of them were the agents, principals, servants, employees and subsidiaries of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, service, and employment and directed, consented, ratified, permitted, encouraged and approved the acts of each

KIRTLAND & PACKARD LLP
LAW OFFICES

1    remaining Defendants.

## JURISDICTION AND VENUE

3    5.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of

4          2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship

5          from one Defendant; there are more than 100 Class members nationwide; the aggregate

6          amount in controversy exceeds $5,000,000; and minimal diversity exists.

7    6.    Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the

8          events or omissions giving rise to the claims occurred and/or emanated from this District,

9          and Defendants have caused harm to Class members residing in this

## INTRADISTRICT ASSIGNMENT

11   7.    This case should be properly assigned to San Francisco division of the Northern Division

12         because Defendant's forum selection clause specifically states: "jurisdiction of and venue

13         in the federal and state courts located in San Francisco County, California, U.S.A. in all

14         disputes arising out of or relating to the Service."

## FACTUAL ALLEGATIONS

16   8.    Defendant runs the website MyLife.com, which claims to "Find everyone. All in one

17         place." On the website it states: "Curious about someone from your past? Use the

18         Internet's most comprehensive People Search service to find old friends, family,

19         classmates, or coworkers." But, Mylife.com is not a free service like many other social

20         websites; it charges customers a monthly fee and leaves these paying customers feeling as

21         if they have been scammed by Defendant.

22   9.    The way in which Defendant advertises is false and misleading. There are emails and

23         advertisements sent to individuals, along with television ads, which state that someone is

24         searching for them. Many individuals, believing that someone is actually searching for

25         them, click on the email or advertisement, or look up MyLife.com, and end up paying a fee

26         to Mylife.com to figure out who is searching for them. Once the individual provides credit

27         card payment information, there is a result list of invented names of people who are

28         supposedly searching for you. Thus the customers who relied on the advertisements of

LAW OFFICES
KIRTLAND & PACKARD LLP

1   Defendant are damaged in that they paid for a completely worthless service.

2   10.   Beyond this bait and switch tactic, another problem is that Defendant, through

3   MyLife.com, often does not just charge a one time monthly fee to individuals signing up

4   for its services and often ends up charging at once for a six month term or an entire year

5   membership of over $100, despite the fact that the individual only wants to sign up for one

6   month.

7   11.   There are numerous complaint boards on the internet with similar stories of the way that

8   MyLife.com dupes consumers into paying for a service that ends up being completely

9   worthless, along with describing Defendant's unfair billing practices.  A few of such

10   complaints are as follows:

11       *As with all the complaints I have read, I selected to try this service for one month*

12       *@ $12.95 for the month. Mylife.com charged my credit over $150 for an entire year*

13       *without any comfirmation[sic] that they made this charge. If they would have*

14       *presented the fact that they were doing this, I would have never signed with this*

15       *useless service.[1]*

16   Another unhappy individual wrote:

17       *The TV ads imply My Life is a free service. It's not. The ads say My Life has*

18       *millions of messages accessible by just going to their website. Once again, a lie.*

19       *My Life showed 57 people who were "searching for me". I'd never heard of ANY of*

20       *them. I signed up thinking perhaps I could hook up with some guys I was in the*

21       *military with. Turns out that searching FOR someone requires another membership*

22       *which costs even more than "getting messages from people searching for you". This*

23       *is a total scam.[2]*

24   A third example of an unhappy customer follows:

25

26

27   [1]http://www.complaintnow.com/:-credit-card-ripoff-/complaint/complaints/message/show/13073/0/156775/0

28   [2]http://www.complaintsboard.com/complaints/mylifecom-c412501.html

-4-

KIRTLAND & PACKARD LLP
LAW OFFICES

*This website lures you in based on false information that they have information about*

*people that are searching for you. Their registration and subscription system is misleading*

*and tricks you into a long term subscription by calling it a "monthly Subscription" but bills*

*you for an entire year. They offer no refunds on subscriptions ...this should be a big tell in*

*itself ... but it is difficult to find this info until its too late! They are a complete scam ...they*

*tell you there are 10 people searching for you but in reality there are likely none... I am not*

*sure how they have been able to operate this long ...not they were formally known as*

*reunion.com but apparently shut down due to unethical practices... here they go again ...*

*Please do not fall for this Scam as I did!![3]*

## CLASS ACTION ALLEGATIONS

12.    This action is properly maintainable as a class action.  Plaintiff brings this class action for injunctive relief and damages on behalf of the following class:

> All persons located within the United States who paid any amount
> for a MyLife.com subscription at any time during the four years
> preceding the filing of the initial Complaint (the "Class").

13.    Excluded from the class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

14.    **Numerosity:** The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The

---

[3]http://www.complaintsboard.com/complaints/mylifecom-c367561.html

02260-00001  147262.01

LAW OFFICES
KIRTLAND & PACKARD LLP

1   disposition of the claims of the Class members in a single class action will provide

2   substantial benefits to all parties and to the Court.

3   15.   **Common Question of Law and Fact Predominate:** There is a well-defined community

4         of interest in the questions of law and fact involved affecting the Class and these common

5         questions predominate over any questions that may affect individual Class members.

6         There are many questions of law and fact common to the representative Plaintiff and the

7         Class, and those questions substantially predominate over any questions that may affect

8         individual Class members.  Common questions of fact and law include, but are not limited

9         to, the following:

10        i.     whether Defendant's marketing and advertising were and are misleading;

11        ii.    whether Defendant's representations were likely to mislead and did in fact

12               mislead Plaintiff and Class members;

13        iii.   whether Defendant sent false solicitations telling potential victims that

14               "someone" is searching for them;

15        iv.    whether Defendant misrepresented MyLife's prices and/or placed

16               unauthorized charges on subscribers' accounts;

17        v.     whether Defendant's conduct as alleged herein violates the

18               Unfair Competition Law;

19        vi.    whether Defendant's conduct as alleged herein violates the

20               Consumer Legal Remedies Act;

21        vii.   whether Defendant's conduct as alleged herein violates the False

22               Advertising Law;

23        viii.  whether Plaintiff and Class members have sustained monetary loss and the

24               proper measure of that loss;

25        ix.    whether Plaintiff and Class members are entitled to declaratory and

26               injunctive relief; and

27        x.     whether Defendant was willful, deceptive and oppressive in its conduct.

28   16.   These common questions of law and fact predominate over questions that may affect

KIRTLAND & PACKARD LLP
LAW OFFICES

individual Class members in that the claims of all Class members for each of the claims herein can be established with common proof.  Additionally, a class action would be "superior to other available methods for the fair and efficient adjudication of the controversy," because (1) Class members have little interest in individually controlling the prosecution of separate actions because the individual damages claims of each Class member are not substantial enough to warrant individual filings and (2) because the disputed advertisements are common to all Class members and because resolution of the claims of Plaintiff will resolve the claims of the remaining Class, certification does not pose any manageability problems.

17.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations and paid for Defendant's service based on those representations.

18.   **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

19.   **Superiority of Class Action:** Plaintiff and the members of the Class suffered and will continue to suffer harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Class members have little interest in individually controlling the prosecution of separate actions because the individual damages claims of each Class member are not substantial enough to warrant individual filings.  In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice.

20.   Adjudication of individual class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to

LAW OFFICES
KIRTLAND & PACKARD LLP

1    protect their interests.

2                            **FIRST CAUSE OF ACTION**

3                        ***Business and Professions Code § 17500***

4                        **(Violation of the False Advertising Act)**

5              **(By Plaintiff and the Class Against All Defendants)**

6    21.   Plaintiff hereby incorporates paragraphs 1-20 above as if set forth in full.

7    22.   California *Business and Professions Code* § 17500 provides that "[i]t is unlawful for any ...

8          corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public

9          to enter into any obligation relating thereto, to make or disseminate or cause to be made or

10         disseminated . . . from this state before the public in any state, in any newspaper or other

11         publication, or any advertising device, or by public outcry or proclamation, or in any other

12         manner or means whatever, including over the Internet, any statement . . . which is untrue

13         or misleading, and which is known, or which by the exercise of reasonable care should be

14         known, to be untrue or misleading . . . ."

15   23.   Defendant misled consumers by making untrue statements and failing to disclose what is

16         required as stated in the Code, as alleged above.

17   24.   As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff

18         and the members of the Class have suffered injury in fact and have lost money or property.

19   25.   The misleading and false advertising described herein presents a continuing threat to

20         Plaintiff and the Class in that Defendant persists and continues to engage in these practices,

21         and will not cease doing so unless and until forced to do so by this Court.  Defendant's

22         conduct will continue to cause irreparable injury to consumers unless enjoined or

23         restrained.

24                           **SECOND CAUSE OF ACTION**

25                      ***Business and Professions Code § 17200, et seq.***

26                      **(Violation of the Unfair Competition Law)**

27              **(By Plaintiff and the Class Against All Defendants)**

28   26.   Plaintiff hereby incorporates paragraphs 1-25 above as if set forth in full.

KIRTLAND & PACKARD LLP
LAW OFFICES

27. California *Business and Professions Code* § 17200, *et seq.*, (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

28. The UCL imposes strict liability. Plaintiff need not prove Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

29. The material misrepresentations, concealment, and non-disclosures by Defendants MyLife and DOES 1-10 as part of their marketing and advertising of MyLife services are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

30. In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties. Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

31. The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

32. Defendant's practices are additionally unfair because they have caused Plaintiff and the class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided.

33. Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

34. Pursuant to California *Business and Professions Code* § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendant's wrongful misrepresentations and omissions have directly and seriously injured Plaintiff and the

LAW OFFICES
KIRTLAND & PACKARD LLP

1    putative class by causing them to pay for MyLife's subscription service based upon false

2    and misleading marketing and advertising.

3    35.   The unlawful, unfair, and fraudulent business practices of Defendant are ongoing and

4          present a continuing threat that members of the public will be misled into purchasing a

5          MyLife subscription service based upon false and misleading marketing and advertising.

6    36.   Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief

7          ordering Defendant to cease this unfair competition, as well as disgorgement and

8          restitution to Plaintiff and the Class of all of Defendant's revenues associated with their

9          unfair competition, or such portion of those revenues as the Court may find equitable.

### THIRD CAUSE OF ACTION

#### *Civil Code* § 1770, *et seq.*

#### (Violation of the Consumer Legal Remedies Act)

#### (By Plaintiff and the Class Against All Defendants)

14   37.   Plaintiff hereby incorporates paragraphs 1-36 above as if set forth in full.

15   38.   The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy

16         for unfair methods of competition and unfair or deceptive acts or business practices. *See*

17         *Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997).  Its self-declared

18         purpose is to protect consumers against these unfair and deceptive business practices, and

19         to provide efficient and economical procedures to secure such protection.  Cal. Civil Code

20         § 1760 *et seq.*  The CLRA was designed to be liberally construed and applied in favor of

21         consumers to promote its underlying purposes.  *Id.*

22   39.   Plaintiff has standing to pursue this claim as Plaintiff purchased a MyLife subscription,

23         which was worthless to her.  She purchased the subscription after viewing an advertisement

24         that someone was looking for her, when in fact, no one was looking for her and the

25         subscription payment to MyLife was a complete waste of money for Plaintiff.

26   40.   Defendant's wrongful business practices constituted, and constitute, a continuing

27

28

KIRTLAND & PACKARD LLP
LAW OFFICES

1    course of conduct in violation of the California Consumer Legal Remedies Act since

2    Defendant is still representing that its services have characteristics and abilities which are

3    false and misleading, and have injured Plaintiff and the Class.

4  41.    More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, and 9 of

5    California *Civil Code* § 1770(a) by engaging in the unfair and/or deceptive acts and

6    practices set forth herein.  Defendant's unfair and deceptive business practices in carrying

7    out the marketing program described above were and are intended to and did and do result

8    in Plaintiff and Class members purchasing Defendant's services, in violation of the CLRA.

9    Cal. Civil Code § 1770, *et seq.*

10 42.    As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all

11    consumers who purchased Defendant's services have suffered damage and lost money in

12    that they paid for services that did not have the benefits as represented.  Plaintiff seeks and

13    is entitled to an order enjoining Defendant from continuing to engage in the unfair and

14    deceptive business practices alleged herein.

15 43.    Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of

16    the particular violations of Section 1770 of the CLRA (the "Notice Letter").  If Defendant

17    fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter,

18    pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further

19    request damages under the CLRA.

20                              **PRAYER FOR RELIEF**

21        **WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for relief and

22  judgment as follows:

23        1.    For preliminary and permanent injunctive relief enjoining Defendant, its agents,

24  servants and employees, and all persons acting in concert with them, from engaging in, and

25  continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above

26  and that may yet be discovered in the prosecution of this action;

27        2.    For certification of the putative class;

28

KIRTLAND & PACKARD LLP
LAW OFFICES

3. For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4. For an accounting by Defendant for any and all profits derived by Defendant from their herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

5. An award of statutory damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

6. An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7. An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8. Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law private attorney general doctrine;

10. For costs of suit; and

11. For such other and further relief as the Court deems just and proper.

DATED: May 11, 2011                        KIRTLAND & PACKARD LLP


By: _____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
*Counsel for Plaintiff and the Class*

1

### DEMAND FOR JURY TRIAL

2     Plaintiff demands a jury trial on all issues so triable.

3

4     DATED: May 11, 2011                                    KIRTLAND & PACKARD LLP

5

6                                                      By: _____
                                                            MICHAEL LOUIS KELLY
7                                                           BEHRAM V. PAREKH
                                                            HEATHER M. PETERSON
8                                                           *Counsel for Plaintiff and the Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02260-00001  147262.01

-13-

LAW OFFICES
KIRTLAND & PACKARD LLP