1  Michael Louis Kelly - State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh - State Bar No. 180361
   bvp@kirtlandpackard.com
3  Heather M. Peterson - State Bar No. 261303
   hmp@kirtlandpackard.com
4  **KIRTLAND & PACKARD LLP**
   2361 Rosecrans Avenue, Fourth Floor
5  El Segundo, California  90245
   Telephone: 310.536.1000
6  Facsimile: 310.536.1001

7  *Counsel for Plaintiff, on behalf of herself
   and all others similarly situated*
8
   John Shaeffer - State Bar No. 138331
9  jshaeffer@lathropgage.com
   Carole Handler - State Bar No. 129381
10 chandler@lathropgage.com
   Randy Merritt - State Bar No. 187046
11 rmeritt@lahropgage.com
   **LATHROP & GAGE, LLP**
12 1888 Century Park East, Suite 1000
   Los Angeles, CA 90067
13 Telephone: 310.789.4600
   Facsimile: 310.789.4601
14
   *Counsel for Defendant*
15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CYNTHIA McCRARY, on behalf of herself and all others similarly situated,<br><br>                                   Plaintiff,<br><br>      v.<br><br>MYLIFE.COM INC.,  a Delaware Corporation,<br><br>                                   Defendant. | Case No. C11-02353 CW<br><br>CLASS ACTION<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:  June 9, 2011<br>Time: 2:00 p.m.<br>Ctrm: 2 |

JOINT RULE 26(f) REPORT
C11-02353 CW

The parties, by and through their respective counsel, hereby respectfully submit their Joint Rule 26(f) Report.

A. <u>Proposed Changes to the Timing, Form or Requirement for Disclosures under Rule 26(a)</u>

The parties agree that no changes are necessary to the Timing, Form or Requirement for initial disclosures under Rule 26(a) and the May 27, 2011 Case Management Scheduling Order for Reassigned Civil Case. The parties intend to exchange initial disclosures on or before June 14, 2011. The parties reserve their right to revise these disclosures based upon subsequent events.

B. <u>Subjects for Discovery, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or be Limited</u>

The parties agree that the appropriate subject matters for discovery include issues related to class certification, such as commonality, adequacy, typicality, and superiority of a class action, issues related to whether or not the conduct alleged was deceptive or misleading, and issues related to the potential damages and restitution available to the putative class.

Plaintiff contends that discovery should commence immediately and that there should be no bifurcation of discovery between class and merits issues. Plaintiff believes that, unlike many other class actions, the issues in this litigation are not complex. As described in the parties Joint Case Management Conference Statement, the gravamen of Plaintiff's Complaint is that Defendant misled Plaintiff and putative class members into thinking that "someone" was looking for them and caused them to pay Defendant to sign up for the service. Plaintiff alleges that, in reality, nobody was looking for Plaintiff or the putative class members. Plaintiff and putative class members have lost money and property as a result of Defendants' deceptive actions.

Given the relatively simple facts at issue, Plaintiff believes the discovery related to class certification and the discovery related to merits issues will be virtually identical and any bifurcation of discovery will ultimately lead to greater inefficiencies and costs as the parties will be forced to argue over, and potentially litigate before the Court, whether any particular discovery request is class or merits related. Further, it is likely that the individuals whose depositions will be required will be the same individuals for class and merits issues. It would be extremely inefficient to depose

such individuals twice, and it is likely that Defendant will insist on a single deposition as to all issues. Plaintiff, however, will not be able agree to such a single deposition without complete document and written discovery on all related topics. Plaintiff, therefore, respectfully submits that discovery should not bifurcated between class and merits in this matter.

Defendant contends that discovery should be stayed until it has filed an answer to the operative complaint in this matter. Once the pleadings have been finalized, a deadline for hearing Plaintiff's motion for class certification should be set for 180 days after the filing date of Defendant'' answer. Until the Court has ruled on Plaintiff's motion for class certification, discovery should be limited to discovery relevant for the adjudication of class certification. As Plaintiff has offered no indication that they intend to pursue their claims against Defendant absent class certification, unfettered merits discovery imposes an unfair and wasteful burden on Defendant. Merits discovery should commence only after determination of the class certification motion, with trial set to start one year after the Court issues its class certification order.

The parties are cognizant that there may be expert discovery necessary during the briefing of the motion for class certification. The parties believe that the best method to handle such issues, as well as the potential need for additional fact discovery after the filing of the motion for class certification, is to extend Defendant's time to respond to Plaintiff's motion for class certification in order to accommodate the need for potential expert depositions and additional factual discovery, and similarly, to extend Plaintiff's time to submit a reply, again, to accommodate the need for potential expert depositions and additional factual discovery. This will allow the class certification motion to be filed at the earliest possible point in time, and allow subsequent discovery efforts to be more narrowly tailored to the specific issues raised by the motion and opposition briefs.

C. <u>Disclosure or Discovery of Electronically Stored Information</u>

The parties have agreed to meet and confer regarding a protocol for the searching and production of electronically stored information in order to ensure that such information is produced in a manner usable to all parties, and which maintains the metadata, searchability, and character of the electronically stored information.

D. Privilege Issues

The parties expect that some privilege and privacy issues may arise regarding documents and information in the parties' possession. The parties do not anticipate that these issues will be any more significant or unmanageable as compared to privilege questions in other cases. The use of privilege logs and a stipulated protective order based upon the Northern District's Stipulated Protective Order for Standard Litigation should adequately protect both privacy rights and privileged documents.

E. Changes to the Limitations on Discovery Imposed by the Rules of Civil Procedure

The case is at a very preliminary stage and the parties believe it is premature at this point to be able to determine whether changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure will be necessary or warranted. Plaintiff believes that it is likely that she might require additional depositions and interrogatories, however, the parties have agreed to meet and confer and attempt to reach a resolution on the scope of any such increase when or if it becomes necessary.

F. Other Discovery Issues

Defendants believe that the Court will need to enter a stipulated protective order to protect non-public and confidential documents and information, whether belonging to Defendants or any third-party. The parties agree that such a protective order will be based on the Northern District's Stipulated Protective Order for Standard Litigation, with modifications as necessary. Other than such a protective order, the parties are not aware of any other orders that they believe the Court should issue under Rule 26(c) or Rule 16(b) and (c).

DATED: June 2, 2011                                  RESPECTFULLY SUBMITTED,

**KIRTLAND & PACKARD LLP**

By:  */s/ Behram V. Parekh*
     MICHAEL LOUIS KELLY
     BEHRAM V. PAREKH
     HEATHER M. PETERSON

*Counsel for Plaintiff, on behalf of
herself and all others similarly situated*

**LATHROP & GAGE LLP**

By: */s/ John Shaeffer*
    JOHN SHAEFFER
    CAROLE HANDLER
    RANDY MERRITT

*Counsel for Defendant*

I, Behram V Parekh, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

DATED: June 2, 2011        By: */s/ Behram V. Parekh*
                                                        BEHRAM V. PAREKH